In a matrimonial action in which the parties were divorced by judgment dated April 2, 2008, the plaintiff appeals from an order of the Supreme Court, Nassau County (Schellace, Ct. Atty Ref.), dated March 16, 2012, which denied her motion for an award of an attorney’s fee and an expert fee.
Ordered that the order is affirmed, with costs.
In a matrimonial action, an award of an attorney’s fee or an *615 expert fee is a matter committed to the sound discretion of the trial court (see Cusumano v Cusumano, 96 AD3d 988 [2012]). An award of attorney’s and expert fees pursuant to Domestic Relations Law § 237 (a) will generally be warranted where there is a significant disparity in the financial circumstances of the parties (see Chesner v Chesner, 95 AD3d 1252 [2012]; Palmeri v Palmeri, 87 AD3d 572 [2011]; Fredericks v Fredericks, 85 AD3d 1107 [2011]). An award of an attorney’s fee pursuant to Domestic Relations Law § 237 (a) ensures that the nonmonied spouse will be able to litigate the action and do so on equal footing with the monied spouse (see Finnan v Finnan, 95 AD3d 821 [2012]; Many v Many, 84 AD3d 1036 [2011]; Coven v Coven, 82 AD3d 1144 [2011]). In determining whether to award fees, the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, which may include the relative merit of the parties’ positions (see Chesner v Chesner, 95 AD3d 1252 [2012]; Chaudry v Chaudry, 95 AD3d 1058 [2012]; Perry v Perry, 88 AD3d 861 [2011]). A court may consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (see Brantly v Brantly, 89 AD3d 881 [2011]; Fredericks v Fredericks, 85 AD3d 1107 [2011]; Aloi v Simoni, 82 AD3d 683 [2011]).
Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs motion which was for an award of an attorney’s fee and an expert fee pursuant to Domestic Relations Law § 237 (a), since there was no significant disparity in the parties’ financial circumstances (see Kaminash v Levi, 102 AD3d 837 [2013]). Furthermore, the plaintiff’s conduct unnecessarily prolonged this litigation (see Beth M. v Joseph M., 12 Misc 3d 1188[A]. 2006 NY Slip Op 51490[U] [Sup Ct, Nassau County 2006]).
In addition, the failure of the plaintiffs former attorney to substantially comply with 22 NYCRR 1400.2 and 1400.3 precluded him from seeking unpaid fees from the plaintiff and, therefore, the defendant may not be compelled to pay such fees (see Rosado v Rosado, 100 AD3d 856 [2012]). Furthermore, the plaintiff’s current attorney failed to comply with 22 NYCRR 202.16 (k) (3), precluding an award of fees to him (see Mimran v Mimran, 83 AD3d 550 [2011]; Covington v Covington, 249 AD2d 735 [1998]). Dillon, J.E, Angiolillo, Dickerson and Cohen, JJ., concur.