# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**239**
**CA 14-01721**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

J. RICHARD WILSON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

REBECCA P. WILSON, DEFENDANT-APPELLANT.

---

M W MOODY LLC, NEW YORK CITY (MARK WARREN MOODY OF COUNSEL), FOR DEFENDANT-APPELLANT.

KAMAN, BERLOVE, MARAFIOTI, JACOBSTEIN & GOLDMAN LLP, ROCHESTER (MICHAEL G. PAUL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (John M. Owens, J.), entered April 3, 2014.  The order, insofar as appealed from, denied defendant's request that plaintiff be compelled to pay defendant for, inter alia, her moving and storage costs and counsel fees.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs, judgment is ordered imposing a sanction on defendant, and the matter is remitted to Supreme Court, Monroe County, to determine the amount of the sanction in accordance with the following memorandum:  In this postjudgment matrimonial proceeding, defendant appeals from an order that, insofar as appealed from, denied her request for counsel and expert fees, as well as moving and storage costs.  Upon entry of the underlying judgment of divorce, defendant received, inter alia, maintenance, plaintiff's 401(k) account, and the marital residence.  The parties agreed that they would attempt to resolve any disputes over undistributed property before seeking judicial intervention, and plaintiff commenced this proceeding only when they were unable to do so.  The parties stipulated that Supreme Court would determine on the parties' written submissions the contested issue regarding distribution of certain personal property.  The court resolved the dispute by distributing the property at issue and denying each parties' request for ancillary relief.

We reject defendant's contention that the court abused its discretion in denying her request for counsel and expert fees because she is the less monied spouse.  Although "[a]n award of [counsel] and expert fees pursuant to Domestic Relations Law § 237 (a) will generally be warranted where there is a significant disparity in the financial circumstances of the parties" (*Vitale v Vitale*, 112 AD3d 614, 615; *see Leonard v Leonard*, 109 AD3d 126, 129-130), the ultimate

decision whether to award such fees "lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court[]" (*O'Brien v O'Brien*, 66 NY2d 576, 590).  "[I]n exercising its discretionary power to award counsel [and expert] fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *see Gilliam v Gilliam*, 109 AD3d 871, 873; *Ciampa v Ciampa*, 47 AD3d 745, 748).  "A court may consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (*Vitale*, 112 AD3d at 615).  Here, we conclude that the court did not abuse its discretion in declining to award counsel and expert fees to defendant inasmuch as this postjudgment proceeding was the result of her obstructionist conduct (*see Johnson v Chapin*, 12 NY3d 461, 467, *rearg denied* 13 NY3d 888; *Vitale*, 112 AD3d at 615; *Blake v Blake* [appeal No. 1], 83 AD3d 1509, 1509).  In addition, the relative merit of plaintiff's position in the underlying litigation weighs in favor of denying defendant's application for counsel and expert fees (*see generally DeCabrera*, 70 NY2d at 881-882; *Chesner v Chesner*, 95 AD3d 1252, 1253).

Similarly, we conclude that the court did not abuse its discretion in denying defendant's request for moving and storage costs where, as here, the record establishes that the costs incurred by defendant were entirely avoidable, and were the result of her own obstructionist tactics (*see generally Blake*, 83 AD3d at 1509).

Finally, we agree with plaintiff that it is appropriate to sanction defendant in this case because the appendix provided by defendant, as the appellant, failed to include "such parts of the record on appeal as are necessary to consider the questions involved, including those parts the appellant reasonably assumes will be relied upon by the respondent" (CPLR 5528 [a] [5]; *see* 22 NYCRR 1000.4 [d] [2] [i]; *Mure v Mure*, 92 AD3d 653, 653; *Wittig v Wittig*, 258 AD2d 883, 884-885; *cf. Grossman v Composto-Longhi*, 96 AD3d 1000, 1001).  Because of her failure to comply with this requirement, we sanction defendant by imposing costs equal to the amount incurred by plaintiff in the preparation and submission of his own appendix to defend this appeal (*see* CPLR 5528 [e]; *Wittig*, 258 AD2d at 885; *see generally Mure*, 92 AD3d at 653), and we remit the matter to Supreme Court to determine that amount, excluding attorneys' fees (*see Wittig*, 258 AD2d at 885).

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court