# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1029**
**CA 15-00141**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

EILEEN MELGAR, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

LUIS MELGAR, DEFENDANT-RESPONDENT.

---

HOGAN WILLIG, PLLC, AMHERST (MICHAEL J. COLLETTA OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MATTINGLY CAVAGNARO LLP, BUFFALO (MELISSA A. CAVAGNARO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 2, 2014. The order granted that part of the motion of defendant seeking to terminate child support for his daughter on the ground of emancipation and otherwise denied the motion, and denied the cross motion of plaintiff.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in its entirety and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for a hearing in accordance with the following memorandum: Defendant moved in this postjudgment matrimonial proceeding, inter alia, to terminate child support for his daughter on the ground of emancipation. We conclude that Supreme Court erred in granting that part of the motion without conducting a hearing. We therefore modify the order accordingly, and we remit the matter to Supreme Court for a hearing on that part of the motion (*see generally Ortman v Ortman*, 265 AD2d 926, 926-927). Initially, we reject plaintiff's contention that the court was without authority to deem the child emancipated because the child was enrolled in college full time for the spring 2014 semester. The parties' Separation and Property Settlement Agreement, which was incorporated in the judgment of divorce, provided that child support would terminate if the child was financially independent and economically self-sufficient, but not if the child was a full-time college student. At the time of defendant's motion, however, the child was not a full-time college student, and it was therefore proper for the court to consider whether the child was emancipated.

"It is fundamental public policy in New York that parents are responsible for their children's support until age 21" (*Matter of Burr v Fellner*, 73 AD3d 1041, 1041; *see* Family Ct Act § 413 [1] [a]). A child may become emancipated before that age where " 'the child

becomes economically independent through employment and is self-supporting' " (*Matter of Cedeno v Knowlton*, 98 AD3d 1257, 1257; *see Matter of Smith v Smith*, 85 AD3d 1188, 1188).  "The fact that a child may work full time is not determinative, as a child cannot be deemed economically independent if he or she still relies upon a parent for significant economic support" (*Matter of Drumm v Drumm*, 88 AD3d 1110, 1113; *see Matter of Thomas B. v Lydia D.*, 69 AD3d 24, 29-30).  The burden of proof as to emancipation is on the party asserting it (*see Matter of Barlow v Barlow*, 112 AD3d 817, 818).

Although defendant submitted evidence in support of his motion that the child was working full time, he did not submit proof that the child was economically independent.  There was no proof regarding where she lived or who paid her bills (*cf. Cedeno*, 98 AD3d at 1257; *Smith*, 85 AD3d at 1188), and it was therefore error for the court to grant that part of the motion without a hearing.  Indeed, "[t]he determination of economic independence necessarily involves a fact-specific inquiry" (*Thomas B.*, 69 AD3d at 29).

Defendant's allegations in support of his motion also raise an issue of fact concerning constructive emancipation.  Although the court did not address that issue in its decision, defendant properly raises it on appeal as an alternative ground for affirmance (*see Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).  "[U]nder the doctrine of constructive emancipation, a child of employable age who actively abandons the noncustodial parent by refusing all contact and visitation may forfeit any entitlement to support" (*Barlow*, 112 AD3d at 818; *see Burr*, 73 AD3d at 1041).  However, "where it is the parent who causes a breakdown in communication with the child, or has made no serious effort to contact the child and exercise his or her visitation rights, the child will not be deemed to have abandoned the parent" (*Barlow*, 112 AD3d at 818; *see Matter of Gansky v Gansky*, 103 AD3d 894, 895; *Thomas B.*, 69 AD3d at 28).  Here, defendant asserted in support of his motion, and plaintiff did not dispute, that there is no relationship between defendant and the child, but the cause of the breakdown in communication has not been established.  We therefore conclude that a hearing should be held on that issue as well.

Finally, we reject plaintiff's contention that the court abused its discretion in denying that part of her cross motion seeking counsel fees.  A court must review the financial circumstances of the parties in determining whether to award counsel fees (*see Wilson v Wilson*, 128 AD3d 1326, 1327) but, here, plaintiff failed to include a statement of her net worth in support of her application therefor (*see* 22 NYCRR 202.16 [k] [2]; *Gass v Gass*, 91 AD3d 557, 558; *Kremler v Kremler*, 199 AD2d 901, 902-903).  Plaintiff may renew her application for counsel fees and submit the required information after the hearing on the motion (*see Matter of Fischer-Holland v Walker*, 12 AD3d 671, 672).

Entered:  October 2, 2015                        Frances E. Cafarell
                                                 Clerk of the Court