[Cite as *Polanco v. Polanco*, 2021-Ohio-1450.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| ISMELDA SANCHEZ POLANCO, | : | |
| Appellee, | : | CASE NO. CA2020-09-096 |
| | : | O P I N I O N |
| - vs - | | 4/26/2021 |
| | : | |
| MAXIMO POLANCO, | : | |
| Appellant. | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. DR19121115

Ismelda Sanchez Polanco, 89 Beckett Street, Hamilton, Ohio 45011, pro se

Mark W. Raines, 246 High Street, Hamilton, Ohio 45011 and Mark Conese, 633 High Street, Suite 102, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, J.**

{¶1} Appellant, Maximo Polanco ("Father"), appeals from a decision of the Butler County Court of Common Pleas, Domestic Relations Division, finding that it did not have jurisdiction to modify or terminate a child-support order issued in New York. For the reasons

expressed below, we reverse the judgment of the trial court and remand the matter for further proceedings.[1]

{¶2} Father and appellee, Ismelda Sanchez Polanco ("Mother"), are the parents of two children: Maximo Jr., born July 12, 1998, and Shirley, born March 9, 2001. Mother is the custodial parent for both children.[2] The parties were residents of the state of New York, and on January 12, 2007, the Family Court of the State of New York, County of Rockland, established a child-support order in which Father was to pay support for the children to Mother.

{¶3} Subsequently, in 2009, Mother and the children moved to Butler County, Ohio, and at some point, Father moved to Pasco County, Florida. In September 2019, after all parties had left New York, Father filed a motion in the Rockland County Family Court for the State of New York, seeking a modification of the child-support order. However, in October 2019, Father's motion was dismissed for lack of subject-matter jurisdiction as neither parent nor the children resided in New York.

{¶4} On January 13, 2020, Father filed a motion to register the child-support order in the Butler County Domestic Relations Court. He also filed a motion to modify child support, asking that the child-support order be terminated as both children were emancipated. At the time of filing his motion to register and motion to modify, Maximo Jr. was 21 years old and Shirley was two months shy of her 19th birthday.

{¶5} On June 25, 2020, a magistrate dismissed Father's motions without a hearing, holding that

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

2. We note that Mother did not file an appellate brief for our consideration in this matter. Pursuant to App.R. 18(C), when an appellee fails to file a brief, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

[t]his court lacks the authority to modify the existing child support obligation, i.e., to terminate the obligation according [to] the laws of the State of Ohio, as the statutory termination of the child support obligation determined by the Family Court of the State of New York, County of Rockland, is a non-modifiable term.

{¶6} Father timely objected to the magistrate's decision, contending the decision had been issued in error as he was "not given the opportunity to present evidence at trial nor given the ability to cross-examine witnesses and review evidence." A hearing on Father's objection was held on November 5, 2020. Thereafter, the trial court issued an opinion overruling Father's objection and adopting the magistrate's decision in full.

{¶7} Father appealed, raising the following as his sole assignment of error:

{¶8} THE TRIAL COURT ERRED WHEN IT DISMISSED [FATHER'S] MOTION TO REGISTER A DECREE AND MODIFY/TERMINATE THE SUPPORT ORDER FROM SAID DECREE WITHOUT A HEARING.

{¶9} Father contends the court erred when it determined it was without jurisdiction over the child-support order, as the requirements of R.C. 3115.611(A)(1) had been met. Father further contends that once jurisdiction to register an order had been met, the court should have permitted Father to present evidence relevant to his motion for modification/termination of the support order before ruling on said motion.

{¶10} "R.C. 3115.611 governs 'when a registering Ohio tribunal gains jurisdiction to modify [a child-support] order' issued in another state." *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, ¶ 9, quoting *Young v. Rogers*, 12th Dist. Butler No. CA2001-08-183, 2002-Ohio-5135, ¶ 9. "R.C. 3115.611(A) provides two circumstances under which a court may find that it has the requisite jurisdiction." *Id.* The present case involves jurisdiction under R.C. 3115.611(A)(1), which provides as follows:

[U]pon petition a tribunal of this state may modify a child-support order issued in another state which is registered in this state if, after notice and hearing, the tribunal finds either of the following:

(1)  That all of the following requirements are met:

(a)  Neither the child, nor the obligee who is an individual, nor the obligor resides in the issuing state;

(b)  A petitioner who is a nonresident of this state seeks modification; and

(c)  The respondent is subject to the personal jurisdiction of the tribunal of this state.

{¶11}  The record reflects that the requirements of R.C. 3115.611(A)(1) have been met.  Neither Father, Mother, nor the children reside in New York, the issuing state.  Rather, the children and Mother reside in Ohio and Father resides in Florida.  As Father, the petitioner-obligor, resides in Pasco County, Florida and Mother, the respondent-obligee, resides in Butler County, Ohio and is subject to the personal jurisdiction of the Butler County Domestic Relations Court, the trial court had the requisite jurisdiction.[3]

{¶12}  In exercising jurisdiction over a child-support order from another state, R.C. 3115.611(C) provides that "[a] tribunal of this state may not modify any aspect of a child-support order that may not be modified under the law of the issuing state, *including the duration of the obligation of support.*"  (Emphasis added.)  Further, "[i]n a proceeding to modify a child-support order, the law of the state that is determined to have issued the initial controlling order governs the duration of the obligation of support."  R.C. 3115.611(D)

{¶13}  The magistrate's decision, as adopted by the trial court, found that it "lack[ed] the authority to modify the existing child support obligation, i.e., to terminate the obligation according [to] the laws of the State of Ohio, as the statutory termination of the child support obligation determined by the Family Court of the State of New York, County of Rockland, is

---

3. R.C. 3115.602 sets forth the process for registering a child-support order issued by another state.  There is no indication in the magistrate's decision dismissing Father's motion to register and motion to modify that Father failed to comply with the requirements of R.C. 3115.602 in seeking to register the order.

a non-modifiable term." Though the magistrate did not cite to R.C. 3115.611(C) in its decision, it appears that it relied on this provision in dismissing Father's motion to register and motion to modify child support. Though the magistrate did not cite to any New York statute or case, the magistrate nonetheless concluded that the New York child-support order "is a non-modifiable term."

{¶14} The express terms of the New York child-support order do not specify an end date for Father's support obligation. New York Family Court Act §413(1)(a) provides that "the parents of a child *under the age of twenty-one years* are chargeable with the support of such child, and if possessed of sufficient means or able to earn such means, shall be required to pay for child support a fair and reasonable sum as the court may determine." (Emphasis added.) As defined by the statute, "child support" means "a sum to be paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education *of any unemancipated child under the age of twenty-one years*." (Emphasis added.) New York Family Court Act §413(1)(b)(2).

{¶15} Therefore, while it is a "fundamental public policy in New York that parents are responsible for their children's support until age 21," the state of New York has also recognized that "[a] child may become emancipated before that age where 'the child becomes economically independent through employment and is self-supporting.'" *Melgar v. Melgar*, 132 A.D.3d 1293, 1293, 17 N.Y.S.3d 233 (2015), quoting *Matter of Cedeno v. Knowlton*, 98 A.D.3d 1257, 1257, 951 N.Y.S.2d 412 (2012). A child's entry into military service or marriage can also constitute economic independence resulting in emancipation before age 21. *See Alice C. v. Bernard G.C.*, 193 A.D.2d 97, 105, 602 N.Y.S.2d 623 (1993). Additionally, New York recognizes that children "may also be deemed constructively

emancipated if, without cause, they withdraw from parental control and supervision." *Id.* "The burden of proof as to emancipation is on the party asserting it." *Melgar* at 1294.

{¶16} There is nothing in the New York order that expressly states that Father's support obligation continues beyond the time the children are emancipated. Applying New York law, specifically New York Family Court Act §413, there is no apparent reason why the New York child-support order is not subject to modification or termination in the event that one or more of the children reach 21 years of age or otherwise become economically independent. The trial court therefore erred by dismissing Father's motion to register and motion to modify the New York child-support order on the grounds that the order is "a non-modifiable term." Father's sole assignment of error is sustained, the judgment of the trial court dismissing Father's motions is reversed, and the matter remanded for the trial court to exercise jurisdiction over Father's motions. On remand, the court shall proceed in accordance with the Uniform Interstate Family Support Act of 2008, Chapter 3115 of the Ohio Revised Code, in determining the merits of Father's motion to modify or terminate child support on the grounds of emancipation of the children and Father shall be permitted to present evidence relevant to the issue of emancipation.

{¶17} Judgment reversed and remanded.

PIPER, P.J., and M. POWELL, J., concur.