Spataro v Spataro (2022 NY Slip Op 07470)

Spataro v Spataro

2022 NY Slip Op 07470

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2019-07937
 (Index No. 3354/17)

[*1]Joseph A. Spataro, respondent, 
v
Marisa Spataro, appellant. 

Joseph J. Sciacca, Port Washington, NY, for appellant.
Galasso & Langione, LLP, Garden City, NY (Peter J. Galasso of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Suffolk County (John Iliou, J.), dated October 24, 2018. The judgment of divorce, insofar as appealed from, upon an order of the same court dated August 23, 2018, denying the defendant's application for an award of attorneys' fees for failure to comply with 22 NYCRR 1400.3, declined to award the defendant attorneys' fees. The notice of appeal from the order is deemed to be a notice of appeal from the judgment of divorce (see CPLR 5512[a]).
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the defendant's application for an award of attorneys' fees is granted to the extent of awarding her the sum of $135,315.90 in attorneys' fees, the order dated August 23, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment of divorce.
The defendant and the plaintiff were married on April 6, 1997, and share two children in common. The defendant was employed as a teacher's aide and earned $17,309 in 2016, but thereafter was unable to work due to certain medical conditions. The plaintiff was employed as a doctor at Stony Brook Community Medical and earned upwards of $275,000 per year by the end of 2017.
On or about June 28, 2017, the plaintiff commenced this action for a divorce and ancillary relief. On May 2, 2018, in a stipulation of settlement, the parties agreed on the essential terms governing the dissolution of their marriage and that the defendant's application for an award of attorneys' fees would be decided on papers.
By order dated August 23, 2018, the Supreme Court denied the defendant's application for an award of attorney's fees, concluding, inter alia, that "[t]he defendant wife's papers . . . fail[ed] to demonstrate substantial compliance" with 22 NYCRR 1400.3, and that "[t]he failure of [the] defendant wife's counsel to substantially comply with the matrimonial rules regarding periodic billing statements (see 22 NYCRR 1400.3[9]) preclude[d] him from seeking unpaid fees." The defendant appeals.
Domestic Relations Law § 237(a) "is designed to redress the economic disparity between the monied spouse and the non-monied spouse" (O'Shea v O'Shea, 93 NY2d 187, 190; see Vitale v Vitale, 112 AD3d 614, 615). Therefore, the less monied spouse in a matrimonial action is entitled to a presumption in favor of an award of attorneys' fees (see Domestic Relations Law § 237[a]; Marchese v Marchese, 185 AD3d 571, 575). However, "in seeking an award of attorneys' fees, an attorney must submit documentation showing the legal services performed, such as time records or a breakdown of services, and the time spent on each service" (A.K. v T.K., 150 AD3d 1091, 1094). In turn, "the court should review the financial circumstances of both parties, together with all of the other circumstances of the case, which may include the relative merit of the parties' positions" and "whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Vitale v Vitale, 112 AD3d at 615; see Domestic Relations Law § 237[d]). The amount of an award is a matter of "discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as" that of the trial court (O'Brien v O'Brien, 66 NY2d 576, 590; see Marchese v Marchese, 185 AD3d at 576).
The failure of an "attorney to substantially comply with 22 NYCRR 1400.2 and 1400.3 preclude[s]" him or her from seeking to recover unpaid fees (Vitale v Vitale, 112 AD3d at 615; see Greco v Greco, 161 AD3d 950, 952; Gottlieb v Gottlieb, 101 AD3d 678, 679). The rules under 22 NYCRR part 1400 "were designed to address abuses in the practice of matrimonial law and to protect the public" (Hovanec v Hovanec, 79 AD3d 816, 817; see Greco v Greco, 161 AD3d at 951). Specifically, 22 NYCRR 1400.3(9) provides, among other things, that itemized billing "shall be at least every 60 days."
Here, contrary to the Supreme Court's determination, the defendant's attorney was in substantial compliance with 22 NYCRR 1400.3(9) (see Greco v Greco, 161 AD3d at 951; Matter of Felix v Felix, 110 AD3d 805, 806; cf. Montoya v Montoya, 143 AD3d 865, 866; Wagman v Wagman, 8 AD3d 263, 263). Although the attorney for the defendant was dilatory in sending an initial invoice approximately 154 days after he was retained, the billable hours during that interval were itemized and accounted for, and the remainder of the invoices he sent all complied with the 60-day rule. Under the circumstances, the court should not have precluded the defendant from recovering an award of attorneys' fees for failure to comply with 22 NYCRR 1400.3(9), and we conclude that the plaintiff should be responsible for the balance of the defendant's attorneys' fees and expenses, net of his prior payments, less $3,487.50 related to a duplicative motion for expenses, which amounts to $135,315.90.
The plaintiff's remaining contention is without merit.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court