LaBrake v LaBrake (2023 NY Slip Op 06605)

LaBrake v LaBrake

2023 NY Slip Op 06605

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

606 CA 23-00003

[*1]MICHELLE R. LABRAKE, PLAINTIFF-APPELLANT,
v
ANTHONY O. LABRAKE, DEFENDANT-RESPONDENT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 

 Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), entered June 6, 2022. The order, among other things, awarded defendant $1,500 in attorney's fees. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph, and as modified the order is affirmed without costs.
Memorandum: In this post-divorce action, defendant husband moved for an order, inter alia, holding plaintiff wife in contempt for failure to comply with the equitable distribution provisions of the judgment of divorce, directing plaintiff to produce items of personal property, and awarding defendant attorney's fees. As relevant here, the parties' final judgment of divorce provided that defendant would "retain his ladder and tools that are in the shed on the [marital] property."
Defendant alleged that, when he went to pick up those items, he was not allowed access to the shed and was provided with only some of his personal property. Defendant submitted in support of his motion a list of personal property that he sought to be returned. Notably, that list appears to have been created when the parties anticipated trial. In opposition, plaintiff denied that she failed to comply with the judgment of divorce and asserted that the judgment did not mention a list of items that she was required to return other than "a ladder and tools," which had already been provided to defendant. Following an appearance in March 2022, Supreme Court entered an interim order that, inter alia, directed plaintiff to comply with the judgment of divorce and return property awarded to defendant within 30 days. The order further scheduled a conference to confirm compliance with the order. When the parties returned roughly two months later, plaintiff told the court that she had none of the items on the list.
The court subsequently ordered that, if plaintiff located any items on the list submitted by defendant, she was to immediately turn the items over to defendant and awarded defendant $1,500 in attorney's fees on the ground that plaintiff caused "unnecessary delay." Plaintiff now appeals from that order.
Initially, we note that the court did not find plaintiff in contempt, but rather directed her to act "if" she located "item(s) on the attached list." We see no basis to disturb that part of the order inasmuch as it is conditional (see generally Soggs v Crocco, 247 AD2d 887, 889 [4th Dept 1998]).
We, however, agree with plaintiff that the court erred in imposing $1,500 in attorney's fees under the circumstances, and we therefore modify the order accordingly. "[T]he decision to award
. . . attorney['s] fees lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as [that of] the trial court[ ]" [*2](Caricati v Caricati, 181 AD3d 1279, 1281 [4th Dept 2020] [internal quotation marks omitted]). In awarding such fees, "[a] court may consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Wilson v Wilson, 128 AD3d 1326, 1327 [4th Dept 2015] [internal quotation marks omitted]; see Silvers v Silvers, 197 AD3d 1195, 1199 [2d Dept 2021]). Here, as noted, the parties' judgment of divorce stated that defendant is entitled to "his ladder and tools that are in the shed," without any reference to an external list of recoverable items, and that "[a]ny remaining items in the shed will" belong to plaintiff. There is nothing in the record to support the conclusion that defendant's list of items was set forth or incorporated in the judgment of divorce (see Latterman v Latterman, 174 AD3d 518, 519 [2d Dept 2019]; see generally Pilato v Pilato, 206 AD2d 929, 929 [4th Dept 1994]). Consequently, it cannot be said that any misconduct on plaintiff's part caused defendant to have to take legal action in the form of the motion for contempt. We likewise cannot conclude that the interim order provides a basis to impose attorney's fees inasmuch as it merely references the shed as a place defendant's items may likely be found and did not expressly direct plaintiff to give defendant access to the shed. As a result, we cannot conclude that plaintiff's actions were the cause of any unnecessary litigation or delay in the resolution of defendant's motion.
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court