Zelenka v Hertz (2024 NY Slip Op 04162)

Zelenka v Hertz

2024 NY Slip Op 04162

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-04964
 (Index No. 552178/21)

[*1]Diane Zelenka, respondent, 
v
Adam B. Hertz, appellant.

Law Offices of Daniel B. Nottes, PLLC, New York, NY, for appellant.
Petitti PLLC, New York, NY (Michael Etzrodt of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Lorna J. McAllister, J.), dated June 8, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for an award of pendente lite maintenance, temporary child support, and interim counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2021, the plaintiff commenced this action for a divorce and ancillary relief. In October 2021, the plaintiff moved, inter alia, for an award of pendente lite maintenance, temporary child support, and interim counsel fees. In an order dated June 8, 2022, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendant appeals.
A party in a matrimonial action seeking an award of maintenance, child support, or counsel fees, must include in his or her moving papers a sworn statement of net worth (see 22 NYCRR 202.16[k][2]). A copy of a signed retainer agreement shall be filed with the court with the statement of net worth (see id. § 1400.3). Furthermore, "in seeking an award of attorneys' fees, an attorney must submit documentation showing the legal services performed, such as time records or a breakdown of services, and . . . time spent on each service" (A.K. v T.K., 150 AD3d 1091, 1094; see Spataro v Spataro, 211 AD3d 1069, 1070). However, CPLR 2001 permits a court, "[a]t any stage of an action," to disregard a party's "mistake, omission, defect or irregularity . . . if a substantial right of a party is not prejudiced" (see Matter of Mirzakandov v Mazal U Bracha, LLC, 216 AD3d 966, 967; Lombardi v Lombardi, 127 AD3d 1038, 1040). Here, contrary to the defendant's contention, the Supreme Court could consider the plaintiff's statement of net worth, which was filed simultaneously with, but separate from, the plaintiff's moving papers, and her retainer agreement and invoices, which were submitted for the first time in her reply papers, as the defendant had an opportunity to respond and to submit papers in surreply (see CPLR 2001; Gluck v New York City Tr. Auth., 118 AD3d 667, 669; Hanscom v Goldman, 109 AD3d 964, 965; Valure v Century 21 Grand, 35 AD3d 591, 592). Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were for an award of pendente lite maintenance, temporary child support, and interim counsel fees (see CPLR 2001; 22 NYCRR 202.16[k]; Perrone v Perrone, 224 AD3d 518, 519; Brantly v Brantly, 89 AD3d 881, 883; cf. Hutchinson v Hutchinson, 219 AD3d 1320, 1322-1323).
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court