Nehlsen v Nehlsen (2025 NY Slip Op 04575)

Nehlsen v Nehlsen

2025 NY Slip Op 04575

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06833
 (Index No. 603015/21)

[*1]Daniel F. Nehlsen, respondent-appellant,
v
Leah Nehlsen, appellant-respondent.

Marc H. Stein, Huntington Station, NY, for appellant-respondent.
Maria Schwartz, P.C., Garden City, NY (Alexa R. Schwartz of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Valerie M. Cartwright, J.), dated April 12, 2024. The order, insofar as appealed from, denied the defendant's motion pursuant to Domestic Relations Law § 237(a) for an award of counsel fees. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion pursuant to Domestic Relations Law § 237(a) for an award of counsel fees.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff and the defendant were married in June 2007 and have three children. The plaintiff was employed as a school principal. The defendant was trained as a speech pathologist but was a homemaker for the duration of the marriage. The plaintiff earned an annual salary as an educator and administrator, and the defendant separately owned assets she inherited from which she derived, inter alia, income from capital gains.
The plaintiff commenced the instant action for a divorce and ancillary relief in February 2021. After more than two years of litigation, the parties entered into a stipulation of settlement. The parties stipulated, among other things, that both parties had the right to move to have their counsel fees paid by the other, which would be decided on the papers. The defendant subsequently moved, and the plaintiff cross-moved, pursuant to Domestic Relations Law § 237(a) for an award of counsel fees. In an order dated April 12, 2024, the Supreme Court denied the defendant's motion and the plaintiff's cross-motion. The defendant appeals, and the plaintiff cross-appeals.
"An award of counsel fees pursuant to Domestic Relations Law § 237(a) is a matter within the sound discretion of the trial court, and the issue is controlled by the equities and circumstances of each particular case" (Kugler v Kugler, 174 AD3d 878, 878 [internal quotation marks omitted]; see O'Shea v O'Shea, 93 NY2d 187, 190; Prichep v Prichep, 52 AD3d 61, 64). "[T]he courts must take into account not only the financial circumstances of the parties but the circumstances of the case as a whole, including the relative merits of the parties' positions and [*2]whether either party has delayed the proceedings unreasonably or engaged in unnecessary litigation" (Kaufman v Kaufman, 189 AD3d 31, 74; see Marchese v Marchese, 185 AD3d 571, 576; Piccininni v Piccininni, 176 AD3d 880, 881).
Here, the Supreme Court providently exercised its discretion in denying the defendant's motion and the plaintiff's cross-motion for an award of counsel fees after reviewing the circumstances of the case as a whole and determining that the parties' finances were comparable and that both parties contributed to the protraction of the matter (see Vitale v Vitale, 112 AD3d 614, 615).
The parties' remaining contentions are either unpreserved for appellate review or without merit.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court