Rothman v Rothman (2025 NY Slip Op 06634)

Rothman v Rothman

2025 NY Slip Op 06634

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-00937
 (Index No. 202500/16)

[*1]Michele Rothman, appellant, 
v
Alan Rothman, respondent.

Alexander Potruch, LLC, Garden City, NY, for appellant.
Law Offices of Rona Gura, P.C. (Law Offices of Seth M. Weinberg, PLLC, Hauppauge, NY, of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph R. Conway, J.), dated December 12, 2022. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, pursuant to CPLR 5015(a) to vacate an order of the same court (Marie F. McCormack, Ct. Atty. Ref.) dated April 24, 2021, and an order of the same court (Marie F. McCormack, Ct. Atty. Ref.) entered November 17, 2021, and for an award of counsel fees.
ORDERED that the order dated December 12, 2022, is affirmed insofar as appealed from, with costs.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Rothman v Rothman, _____ AD3d _____ [Appellate Division Docket No. 2022-00724; decided herewith]). The parties were married on May 2, 1992. The plaintiff commenced this action on September 26, 2016, for a divorce and ancillary relief. In July 2020, the parties stipulated to waive their right to a trial and to litigate the issues of, inter alia, equitable distribution, maintenance, outstanding credits claimed by both parties, and an outstanding motion for contempt by submission of papers in lieu of testimony. After receiving the submissions, the Supreme Court addressed the stipulated issues in an order dated April 24, 2021 (hereinafter the April 2021 order). Thereafter, the plaintiff moved pursuant to CPLR 4404(b) to vacate certain portions of the April 2021 order, and the motion was denied in an order entered November 17, 2021 (hereinafter the November 2021 order). The plaintiff then moved, among other things, pursuant to 5015(a) to vacate the April 2021 order and the November 2021 order and for an award of counsel fees. The court, inter alia, denied the motion. The plaintiff appeals.
The Supreme Court properly denied those branches of the plaintiff's motion which were pursuant to CPLR 5015(a) to vacate the April 2021 order and the November 2021 order. CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds, including, among other things, newly-discovered evidence or fraud, misrepresentation, or other misconduct of an adverse party (see id. § 5015[a][2], [3]; Abakporo v Abakporo, 202 AD3d 646, 648-649). "In addition to the specific grounds set forth in CPLR 5015(a), a court may, in its discretion, vacate its own judgment for sufficient reason and in the interests of [*2]substantial justice" (Deutsche Bank Natl. Trust Co. v Neuman, 214 AD3d 952, 953 [internal quotation marks omitted]).
Here, the plaintiff failed to establish why the purported newly discovered evidence she offered in support of those branches of her motion which were pursuant to CPLR 5015(a) to vacate the April 2021 order and the November 2021 order could not have been obtained earlier through due diligence (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089). In any event, the purported newly discovered evidence would not have produced a different result (see id.). Contrary to the plaintiff's contention, she failed to meet her burden of establishing the existence of fraud, misrepresentation, or misconduct on the part of the defendant sufficient to entitle her to vacatur of the April 2021 order or the November 2021 order (see Rusachenko v Lipkin, 228 AD3d 793, 793). The plaintiff also failed to establish unique or unusual circumstances that would warrant vacating either the April 2021 order or the November 2021 order in the interests of substantial justice (see Cox v Marshall, 161 AD3d 1140, 1142).
In determining whether to award counsel fees, the Supreme Court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (Lombardi v Lombardi, 229 AD3d 537, 539 [internal quotation marks omitted]; see Spataro v Spataro, 211 AD3d 1069, 1070). Here, the court providently exercised its discretion in declining to award the plaintiff counsel fees in connection with her motion, inter alia, pursuant to CPLR 5015(a) to vacate the April 2021 order and the November 2021 order (see O'Brien v O'Brien, 163 AD3d 694, 698).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., GENOVESI, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court