[909 NE2d 66, 881 NYS2d 373]

Janet M. Johnson, Respondent-Appellant, v Allan M. Chapin, Appellant-Respondent.

Argued March 31, 2009; decided May 7, 2009

462

## POINTS OF COUNSEL

*McDermott Will & Emery LLP*, New York City (*Daniel N. Jocelyn, Elliot Silverman* and *Susan S. Casero* of counsel), for appellant-respondent. I. The lower courts' imposition of a "remarriage penalty" should be reversed. (*Hartog v Hartog,* 85 NY2d 36; *Nicholson v Nicholson,* 288 AD2d 743; *O'Brien v O'Brien,* 66 NY2d 576; *Willis v Willis,* 107 AD2d 867; *Kohl v Kohl,* 24 AD3d 219; *K. v B.,* 13 AD3d 12, 4 NY3d 776; *Rivera v Rivera,* 206 AD2d 970; *Matter of Andrea v Andrea,* 152 Misc 2d 100; *Lewis v Lewis,* 6 AD3d 837; *Micha v Micha,* 213 AD2d 956.) II. The trial court erred in awarding Janet Johnson attorneys' and experts' fees. (*DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Filkins v Filkins,* 303 AD2d 934; *Griggs v Griggs,* 44 AD3d 710; *Bennett v Bennett,* 13 AD3d 1080, 6 NY3d 708; *Celauro v Celauro,* 295 AD2d 388; *Newton v Newton,* 246 AD2d 765, 91 NY2d 813.) III. Allan Chapin should have received a distributive credit for excess child support paid under the pendente lite award. (*Pickard v Pickard,* 33 AD3d 202, 7 NY3d 897; *Fox v Fox,* 306 AD2d 583, 1 NY3d 622; *Galvano v Galvano,* 303 AD2d 206; *Gad v Gad,* 283 AD2d 200.)

*Sheresky Aronson Mayefsky & Sloan, LLP,* New York City (*Allan E. Mayefsky, Lawrence B. Trachtenberg, Ronnie M. Schindel* and *John A. Kornfeld* of counsel), for respondent-appellant. I. The trial court properly reduced appellant's separate property credits by reason of his use of marital funds to pay down premarital debt. (*Dewell v Dewell,* 288 AD2d 252; *Lewis v Lewis,* 6 AD3d 837; *Micha v Micha,* 213 AD2d 956; *Markopoulos v Markopoulos,* 274 AD2d 457; *Kilkenny v Kilkenny,* 54 AD3d 816; *Mahoney-Buntzman v Buntzman,* 51 AD3d 732, 11 NY3d 706.) II. The award of legal fees to respondent was proper and should be affirmed. (*Matter of De Zimm v Connelie,* 64 NY2d 860; *Matter of Von Bulow,* 63 NY2d 221; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *Cooper v Cooper,* 32 AD3d 376; *Polychronopoulos v Polychronopoulos,* 226 AD2d 354; *De Bernardo v*

*De Bernardo,* 180 AD2d 500; *Sim v Sim,* 248 AD2d 781; *Finkelson v Finkelson,* 239 AD2d 174; *Madori v Madori,* 201 AD2d 859; *Kaplan v Kaplan,* 21 AD3d 993.) III. A child support credit is not appropriate. (*Baraby v Baraby,* 250 AD2d 201; *Samu v Samu,* 257 AD2d 656; *Du Jack v Du Jack,* 243 AD2d 908; *Rosenberg v Rosenberg,* 42 AD2d 590; *Grossman v Ostrow,* 33 AD2d 1006.) IV. Appellant improperly received a credit of $548,460 for interim spousal maintenance paid pursuant to a court order. (*Galvano v Galvano,* 303 AD2d 206; *Gad v Gad,* 283 AD2d 200; *Pascazi v Pascazi,* 52 AD3d 664; *Nayar v Nayar,* 225 AD2d 370; *Annexstein v Annexstein,* 202 AD2d 1060; *Colley v Colley,* 200 AD2d 839; *Azizo v Azizo,* 51 AD3d 438; *Wechsler v Wechsler,* 58 AD3d 62; *Johnson v Chapin,* 49 AD3d 348.) V. The Appellate Division improperly diminished respondent's distributive percentage of the Claverack estate. (*Hartog v Hartog,* 85 NY2d 36; *Price v Price,* 69 NY2d 8; *Parise v Parise,* 13 AD3d 504; *LeRoy v LeRoy,* 274 AD2d 362; *Zelnik v Zelnik,* 169 AD2d 317; *Richards v Richards,* 207 AD2d 628; *Kilkenny v Kilkenny,* 54 AD3d 816.)

**OPINION OF THE COURT**

PIGOTT, J.

Husband and wife were married in January 1991 and have one child. Husband has four children from a previous marriage and is required to pay maintenance, child support and an equitable distribution award.

At the time the parties married, both were working attorneys. Wife stopped working outside the home when the parties' son was three years old. Husband was a partner at a law firm from 1968 until 1999, and thereafter became a managing director at a major investment banking firm until 2001. Husband also earned additional income by serving on the board of directors of several publicly-traded companies.

Prior to the marriage, husband owned a home on approximately 160 acres of land in Claverack, New York. During the marriage the parties spent approximately $2 million to renovate and improve the property. While husband played a larger role in these improvements, wife also participated in some of the project's details.

In November 2001, wife commenced this action for divorce after discovering husband was having an extramarital affair. Prior to trial, she made an application for interim maintenance and child support. Supreme Court imputed an average annual income of $2,273,680 to husband and ordered him to pay $18,465 monthly maintenance to wife and child support of

$10,625 per month. Husband was also ordered to pay the wife interim counsel fees of $100,000.

Wife was awarded a judgment of divorce on the grounds of cruel and inhuman treatment. A 14-day trial ensued on the issues of equitable distribution, maintenance and child support.

As relevant to this appeal, the court recognized that the Claverack property was the husband's separate property, but held the funds spent on the renovations to be marital property subject to equitable distribution. The court awarded 50% of the appreciation of the Claverack estate to wife.

The court also credited wife with 50% of the marital property husband used to pay the maintenance and equitable distribution obligations to his first wife.

After considering that wife had not worked outside the home for nine years and that it would take six years to develop her career, the court awarded wife durational maintenance of $6,000 per month for six years.

Finally, the court awarded wife legal fees and expert fees to be determined by a referee due in part to the fact that wife and her son "have suffered day to day crises resulting from the [husband's] harassment of them."

The Appellate Division modified the judgment of Supreme Court on both the law and the facts by, among other things, reducing the wife's share of the enhanced value of the Claverack property to 25% and by crediting husband for his pendente lite maintenance obligations (49 AD3d 348 [2008]). Two Justices dissented.

The majority noted that husband had consistently been less than forthcoming regarding his income and that Supreme Court had found him incredible in the reporting of his income and assets (*id.* at 360-361). The majority therefore upheld the imposition of legal and expert fees on husband, noting that he "engaged in a pattern of obstructionist conduct which unnecessarily delayed and increased the legal fees incurred in the litigation" (*id.* at 361).

Husband appealed as of right based on the two-Justice dissent and the Appellate Division granted wife leave to cross-appeal.

## Pendente Lite Support

The Domestic Relations Law provides: "[i]n determining an equitable disposition of property . . . , the court shall

consider: . . . any award of maintenance" (Domestic Relations Law § 236 [B] [5] [d] [5]). When a pendente lite award of maintenance is found at trial to be excessive or inequitable, the Court may make an appropriate adjustment in the equitable distribution award (*see Gad v Gad*, 283 AD2d 200 [1st Dept 2001]; *Galvano v Galvano*, 303 AD2d 206 [1st Dept 2003]; *Fox v Fox*, 306 AD2d 583 [3d Dept 2003]). Supreme Court did not abuse its discretion in giving husband a credit representing the amount of the pendente lite maintenance he paid that exceeded what he was required to pay under the final maintenance award. In determining the temporary maintenance award, Supreme Court imputed an average salary in excess of $2 million to husband. However, at trial, it was established that his income was significantly lower. Given the disparity in the maintenance amounts, under the circumstances of this case, it was appropriate for husband to receive a credit.

## Interim Child Support

■ As it pertains to husband's claim that he should be entitled to a credit for excess child support payments, we reject that claim. It has long been held that there is a "strong public policy against restitution or recoupment of support overpayments" (*Baraby v Baraby*, 250 AD2d 201, 205 [3d Dept 1998]; *Rosenberg v Rosenberg*, 42 AD2d 590 [2d Dept 1973]); and nothing in this record shows it was error to deny that relief.

## Valuing Separate Property

Under the equitable distribution statute, separate property is defined to include an increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse (Domestic Relations Law § 236 [B] [1] [d] [3]). Thus, any appreciation in the value of separate property due to the contributions or efforts of the non-titled spouse will be considered marital property (*Price v Price*, 69 NY2d 8 [1986]). This includes any direct contributions to the appreciation, such as when the nontitled spouse makes financial contributions towards the property, as well as when the non-titled spouse makes direct nonfinancial contributions, such as by personally maintaining, making improvements to, or renovating a marital residence (*see generally Price v Price*, 69 NY2d at 17-18).

■ Here, Supreme Court properly held that the improvements were marital, since the increase in the property was a

result of both parties' efforts. We find that the Appellate Division did not abuse its discretion in reducing the award to wife from 50% to 25% of the property appreciation. Husband's income was the sole source of the funds expended on the property and, as admitted by wife, husband's involvements in the renovations were far more extensive.

## Attorney's Fees

Pursuant to Domestic Relations Law § 237 (a), a court in a divorce action may award counsel fees to a spouse "to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties." We have held that when "exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]).

Here, when awarding the fees, the court considered the parties' financial positions as well as the delay incurred as a result of husband's obstructionist tactics. Thus, we decline to disturb those awards.

## Prior Maintenance and Equitable Distribution

Finally, we hold that wife was not entitled to the 50% credit representing the money paid during the marriage towards husband's premarital obligations to pay his first wife for maintenance and equitable distribution (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415 [2009] [decided today]).

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed. The certified question should be not answered upon the ground that it is unnecessary.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order modified, etc.