■ LEOTA SUSAN BRANCHE, Respondent, v DOUGLAS HOLLOWAY, Appellant. [2 NYS3d 450]—

Judgment of divorce, Supreme Court, New York County (Ellen Gesmer, J.), entered August 29, 2013, inter alia, distributing the marital property, awarding spousal maintenance, child support, and counsel fees to plaintiff wife, and adjudging defendant husband in criminal contempt and sentencing him to 20 days' incarceration to be served on weekends, unanimously affirmed, without costs.

Supreme Court's unequal distribution of marital property in plaintiff's favor is amply supported by the record (see Domestic Relations Law § 236 [B] [5] [d]; *Holterman v Holterman*, 3 NY3d 1 [2004]). The court carefully considered all relevant factors, including the parties' 18-year marriage, the parties' joint decision that plaintiff would take care of the children and home to the detriment of her career, the gross disparity in the parties' current and probable future incomes, the parties' age at the time of trial—defendant was 59 and plaintiff was 55—and their respective good health. The court also properly considered defendant's egregious economic fault in liquidating, dissipating, or failing to account for more than $2 million in assets, which represents approximately 25% of the marital estate, as well as his failure to disclose various accounts, and the fact that he increased the encumbrances on the marital home in violation of a court order (see e.g. *Maharam v Maharam*, 245 AD2d 94 [1st Dept 1997]).

The court properly imputed to defendant income of $1 million annually based on the fact that he earned in excess of $1 million annually from 2000 through 2009 (*Lennox v Weberman*, 109 AD3d 703 [1st Dept 2013]; see also *Hickland v Hickland*, 39 NY2d 1 [1976], *cert denied* 429 US 941 [1976]). The report and testimony of a vocational expert showed that defendant's present and future earning potential was $1 million annually and that defendant had failed to conduct a reasonable job search after his employment was terminated in 2009. Moreover, while defendant's base salary in the position for which he was hired in 2011 was $350,000, he was eligible for two bonuses that would bring his total salary to $1 million.

The maintenance award is supported by the record (see Domestic Relations Law § 236 [B] [6] [a]; *Naimollah v De Ugarte*, 18 AD3d 268, 271 [1st Dept 2005]). In determining its amount and duration, the court properly considered the marital standard of living, the length of the marriage and age of the parties, the parties' earning potential, the fact that, as of March 2011, plaintiff was raising the children without any assistance from defendant, and the amount of time that plaintiff would need to become self-supporting, given the limiting of her career throughout the marriage in favor of raising the children and taking care of the home.

The court properly calculated defendant's child support obligation by applying the statutory percentage to the parties' income in excess of the statutory cap, based on the income it had properly imputed to defendant (see Domestic Relations Law § 240 [1-b] [f]; *Matter of Cassano v Cassano*, 85 NY2d 649, 654-655 [1995]).

The finding of criminal contempt against defendant is overwhelmingly supported by the record, which includes evidence of his willful failure to pay the child and spousal support ordered in the pendente lite order and his failure to demonstrate any genuine attempt to obtain employment (see Judiciary Law § 750; *Spector v Spector*, 18 AD3d 380 [1st Dept 2005]).

The award of counsel fees to plaintiff is supported by the respective financial positions of the parties and all the other circumstances of the case, which include the unnecessary litigation caused by defendant's failure to comply with discovery obligations, support obligations, and various orders of the court (see Domestic Relations Law § 237; *Johnson v Chapin*, 12 NY3d 461, 467 [2009]). Concur—Gonzalez, P.J., Friedman, Andrias, Gische and Kapnick, JJ.