Louie v Louie (2022 NY Slip Op 02172)





Louie v Louie


2022 NY Slip Op 02172


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

532533
[*1]Susan P. Louie, Appellant,
v
Gim L. Louie, Respondent.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Whiteman, Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for appellant.
Poissant, Nichols, Grue, Vanier & Babbie, PC, Malone (Joseph P. Nichols of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Ellis, J.), entered November 13, 2020 in Franklin County, granting, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1975 and have one emancipated child (born in 1976). The parties separated in 2007, and, in 2019, the wife commenced this divorce action alleging an irretrievable breakdown of the parties' relationship (see Domestic Relations Law § 170 [7]). The matter proceeded to trial, at which time the parties stipulated to, among other things, the grounds for divorce, the distribution of the vehicles and the values of certain assets, and a bench trial was conducted to determine the issues of maintenance, equitable distribution and classification of the assets. Following the bench trial, Supreme Court adopted the findings of fact and conclusions of law submitted by the husband and issued a judgment of divorce. The judgment distributed the marital assets, directed the sale of certain properties and found that certain financial accounts were the husband's separate property, but declined to award the wife maintenance or counsel fees. The wife appeals.
The wife contends that Supreme Court abused its discretion in failing to award her temporary and postdivorce maintenance. "The amount and duration of a maintenance award are addressed to the sound discretion of the trial court, and will not be disturbed provided that the statutory factors and the parties' predivorce standard of living are considered" (St. Denny v St. Denny, 185 AD3d 1246, 1247 [2020] [internal quotation marks and citations omitted]; see Pfister v Pfister, 146 AD3d 1135, 1137 [2017]). "The court need not articulate every factor it considers, but it must provide a reasoned analysis of the factors it ultimately relies upon in awarding or declining to award maintenance" (Hughes v Hughes, 200 AD3d 1404, 1407 [2021] [internal quotation marks, brackets and citations omitted]; see Johnston v Johnston, 156 AD3d 1181, 1184 [2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]).
Here, Supreme Court wholly adopted verbatim the husband's proposed findings of fact and conclusions of law, without articulating the factors it considered or providing a reasoned analysis for its rulings on the proposed findings of fact and conclusions of law. "[F]indings of fact submitted pursuant to CPLR 4213 (a) cannot constitute the decision of the court [as] mandated by Domestic Relations Law § 236 (B) (5) (g)" (Capasso v Capasso, 119 AD2d 268, 269 [1986]; see Sadaghiani v Ghayoori, 83 AD3d 1309, 1310 n [2011]; cf. Douglas v Douglas, 281 AD2d 709, 714 [2001]). Although Supreme Court failed to set forth its rationale for rejecting the wife's request for maintenance, "because our authority is as broad as that of the Supreme Court, we need not remit this issue" Ingersoll v Ingersoll, 86 AD3d 684[*2], 685 [2011] [internal quotation marks and citation omitted]; see Quilty v Quilty, 169 AD2d 979, 980 [1991]).
As to temporary maintenance, the record is devoid of any pendente lite application for maintenance. Thus, we will not address this issue. Turning to the merits of postdivorce maintenance, the trial testimony established that this is a 44-year marriage and both parties are retired, with the husband having retired in 1999 and the wife in 2016. The proof demonstrates that the wife earns approximately $31,582 per year and the husband earns approximately $117,000. The wife pays for a family health insurance plan through her former employer, and the husband and the wife also have Medicare. The parties' predivorce standard of living was very comfortable. In our view, given the lengthy term of the marriage, the significant disparity between the parties' incomes and the unlikelihood that the wife will be able to close that gap despite her receiving additional assets from the equitable distribution of the marital property, as a majority of the husband's income is from his separate property, we find that the husband should pay the wife monthly maintenance in the sum of $2,139 [FN1] for a period of 20 years. With regard to the effective date of the maintenance award, generally, awards are retroactive to the date an action for divorce is commenced (see Stuart v Stuart, 155 AD3d 1371, 1374 [2017]; Pfister v Pfister, 146 AD3d at 1138). We find that the wife, who requested maintenance in both the summons with notice and the complaint, is entitled to a retroactive award of maintenance to the commencement of the divorce action — April 2019 (see Stuart v Stuart, 155 AD3d at 1374; Pfister v Pfister, 146 AD3d at 1138; Esposito-Shea v Shea, 94 AD3d 1215, 1218 [2012]). Arrears shall be paid at the sum of $500 per month (see Kelly v Kelly, 140 AD3d 1436, 1438 [2016]; Unger-Matusik v Matusik, 276 AD2d 936, 940 [2000]).
As to the wife's request for an award of counsel fees, the record fails to demonstrate that the wife properly supported her claim by filing a copy of the retainer agreement and a detailed affidavit setting forth the charges incurred (see Domestic Relations Law § 237 [a]; 22 NYCRR 1400.3). "An award of counsel fees requires that an evidentiary basis be established as to two elements: the parties' respective financial circumstances and the value of the legal services rendered" (Curley v Curley, 125 AD3d 1227, 1231 [2015] [citation omitted]; see Rock v Rock, 179 AD3d 1196, 1197 [2020]). Although there is no dispute that the wife was the less-monied spouse, the record evidence indicating the amount of counsel fees that she expended, without more, failed to "furnish a meaningful way to gauge the value of the services rendered" (Barnaby v Barnaby, 259 AD2d 870, 872 [1999]; see Bush v Bush, 46 AD3d 1140, 1141 [2007]). Accordingly, we discern no basis to disturb Supreme Court's determination to deny the wife's request for counsel fees (see Curley [*3]v Curley, 125 AD3d at 1231; Guntert v Daniels, 240 AD2d 789, 791 [1997]).
The wife asserts that Supreme Court erred in characterizing the husband's funds in his Sterling Bank account and Citibank account as separate property. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Mack v Mack, 169 AD3d 1214, 1215 [2019] [internal quotation marks and citations omitted]). Although there is a general presumption that property acquired during a marriage is presumed to be marital property, that presumption is overcome where it is shown that the property is acquired by a spouse as a gift or by inheritance during the marriage and retained separately, as such property is not marital property (see Fields v Fields, 15 NY3d 158, 162 [2010]; Mack v Mack, 169 AD3d at 1215; Rosenkranse v Rosenkranse, 290 AD2d 685, 686 [2002]). The husband testified, without contradiction, that he inherited funds from his parents and that he placed those funds in an account in his name only at Sterling Bank. The funds remained in his name, and the funds were never placed in the wife's name. As to the Citibank account, the husband testified that this account was initially in his mother's name. The husband's name was added to the account to assist in paying his mother's expenses. The wife's name was never added to the account. Moreover, the wife failed to demonstrate that the account was later transmuted into marital property by commingling the funds. Accordingly, Supreme Court properly determined that these two accounts where the husband's separate property (see Miszko v Miszko, 163 AD3d 1204, 1206 [2018], lv denied 33 NY3d 907 [2019]; Mula v Mula, 131 AD3d 1296, 1300-1301 [2015]; Keil v Keil, 85 AD3d 1233, 1235 [2011]).
Finally, the wife contends that she was deprived of the effective assistance of counsel. "In the context of civil litigation, [counsel's] errors or omissions are binding on the client and, absent extraordinary circumstances, a claim of ineffective assistance of counsel will not be entertained" (Karen E. v Yoram E., 144 AD3d 1081, 1082 [2016] [internal quotation marks, brackets and citations omitted]). As the wife has failed to demonstrate extraordinary circumstances, reversal of the judgment on this basis is not warranted (see id.; Xiaokang Xu v Xiaoling Shirley He, 24 AD3d 862, 864 [2005], lv denied 6 NY3d 710 [2006]; Matter of Cichosz v Cichosz, 12 AD3d 598, 599 [2004]). The wife's remaining contentions have been considered and found to be lacking in merit.
Garry, P.J., Lynch, Clark and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as failed to award maintenance to plaintiff; defendant is directed to pay plaintiff monthly maintenance in the amount of $2,139 for a period of 20 years retroactive to the commencement of this action, as set forth herein; and, as so modified, [*4]affirmed.



Footnotes

Footnote 1: This is the presumptive amount based on the parties' respective incomes as testified to at trial.