Matter of Laura R. v Thomas Christopher B. (2022 NY Slip Op 03978)

Matter of Laura R. v Thomas Christopher B.

2022 NY Slip Op 03978

Decided on June 16, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 16, 2022

Before: Acosta, P.J., Kapnick, Friedman, Mendez, Higgitt, JJ. 

 Docket No. F-11610-19/19B Appeal No. 16134 Case No. 2022-00673 

[*1]In the Matter of Laura R., Petitioner-Appellant,
v
Thomas Christopher B., Respondent-Respondent.

Mary Ellen Liberatore, LLC, Brooklyn (Mary Ellen Liberatore of counsel), for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.

Order, Family Court, New York County (Jane Pearl, J.), entered on or about September 30, 2021, which denied petitioner mother's objection to an order of disposition, same court (Kevin Mahoney, Support Magistrate), entered on or about April 2, 2021, to the extent it determined that respondent father's failure to pay child support was not willful and denied petitioner's requests for 50% of the child Diego's private high school tuition and counsel fees, unanimously affirmed, without costs.
The Support Magistrate's determination that respondent's failure to pay child support as ordered was not willful rests largely on his credibility findings, to which great deference is owed (see Matter of Anthony L. v Bernadette R., 193 AD3d 510 [1st Dept 2021]). The Support Magistrate found that respondent testified credibly that he could not have sought regular employment because of his parenting responsibilities. The parties' three children lived with him full time during most or all of the relevant period. Before the COVID-19 pandemic started, he shuttled them between home in New Jersey and school in New York City, and after the pandemic started he supervised the children, who all have Individual Education Programs, in their remote learning at home. He spent the summer of 2020 with them, taking them to baseball practice and games. Petitioner has shown no reason to disturb the Magistrate's findings that this testimony is credible. Petitioner's reliance on cases in which a party could have sought employment but did not do so (e.g. Branche v Holloway, 124 AD3d 553 [1st Dept 2015]) is therefore misplaced.
Petitioner argues that respondent's custody of the children is no defense to willfulness since respondent stopped paying child support in June 2019. However, while the two younger children did not start living with him until early 2020, the oldest child, who petitioner testified suffered from emotional difficulties, had lived with him since at least 2018. Petitioner argues that the children lived with respondent only because his child support defaults caused her to move in with her parents, and then she had to send them to respondent because of her parents' susceptibility to COVID. This argument is unavailing since it also fails to account for the oldest child's living situation and also implicates credibility issues.
Petitioner's request for counsel fees was properly denied on the ground that her retainer agreement was incomplete. Her contention that an admissible retainer agreement is not a necessary prerequisite to a fee award is unsupported, and she has not shown that she could not have tried to introduce a complete agreement into evidence later in the willfulness hearing.
We affirm the denial of petitioner's request for 50% of Diego's private school tuition costs on the ground that there is no record evidence of an enforceable agreement by respondent to pay 50% of the tuition. Such an agreement would have been an amendment or modification to the parties' [*2]divorce settlement agreement, and the evidence on which petitioner relies does not meet the agreement's requirements for amendment or modification.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2022