Glessing v Glessing (2023 NY Slip Op 00306)

Glessing v Glessing

2023 NY Slip Op 00306

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-03994
 (Index No. 50442/17)

[*1]Linda Glessing, respondent,
v
Gary Glessing, appellant.

Gary M. Glessing, sued herein as Gary Glessing, Staten Island, NY, appellant pro se.
The Law Offices of Francine Pickett Cohen, LLC, Staten Island, NY (Olga Zagika of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Richmond County (Hemalee J. Patel, Special Referee), dated November 18, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated September 10, 2019, and findings of fact and conclusions of law of the same court dated November 18, 2019, made after a nonjury trial, (1) failed to award the defendant a separate property credit in the sum of $220,000 with respect to the purchase of the marital residence; (2) directed the defendant to remit half of the cash in a home safe to the plaintiff; (3) directed the defendant to remit the sum of $23,692.64 from a Chase bank account to the plaintiff; (4) directed the distribution of the net proceeds of certain bonds to be divided equally between the parties; (5) directed the defendant to pay the plaintiff half of the parties' marital credit card debt; and (6) awarded the plaintiff counsel fees.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1992. In 2017, the plaintiff commenced this action for a divorce and ancillary relief. A judgment of divorce dated November 18, 2019, was entered upon a decision dated September 10, 2019, and findings of fact and conclusions of law dated November 18, 2019, after a nonjury trial.
"'The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Linenschmidt v Linenschmidt, 163 AD3d 949, 950, quoting Gafycz v Gafycz, 148 AD3d 679, 680). Moreover, where a determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (see Linenschmidt v Linenschmidt, 163 AD3d at 949).
Property acquired during the marriage is presumed to be marital (see Domestic Relations Law § 236[B][1][c]; Massimi v Massimi, 35 AD3d 400, 402). Where separate property has been commingled with marital property, for example in a joint bank account, there is a [*2]presumption that the commingled funds constitute marital property (see Candea v Candea, 173 AD3d 663, 666). To overcome a presumption that commingled property is marital property, the party asserting that the property is separate must establish by clear and convincing evidence that the property originated solely as separate property and the joint account was created only as a matter of convenience, without the intention of creating a beneficial interest (see Renck v Renck, 131 AD3d 1146, 1149).
Contrary to the defendant's contention, the Supreme Court providently denied his request for a credit of $220,000 for separate funds which he contended he used toward the purchase of the marital home (see Massimi v Massimi, 35 AD3d at 402). Similarly, since the defendant failed to overcome the presumption that the money in the home safe and the funds in the Chase bank account were marital property, the court properly determined that those items were marital property subject to equitable distribution (see Candea v Candea, 173 AD3d at 666).
The defendant's contention that the "I" bonds, purchased in both parties' names, were his separate property because he purchased them with proceeds from his disability pension is without merit. Pension benefits, "except to the extent that they are earned or acquired before marriage or after commencement of a matrimonial action, constitute marital property" because they are "in essence, a form of deferred compensation derived from employment" during the marriage (Dolan v Dolan, 78 NY2d 463, 466; see Majauskas v Majauskas, 61 NY2d 481, 490). "However, any compensation a spouse receives for personal injuries is not considered marital property and is not subject to equitable distribution" (Dolan v Dolan, 78 NY2d at 466; see Domestic Relations Law § 236[B][1][d][2]). Thus, "'to the extent [a] disability pension represents deferred compensation, it is subject to equitable distribution' [while] '[t]o the extent that a disability pension constitutes compensation for personal injuries, that compensation is separate property which is not subject to equitable distribution'" (Howe v Howe, 68 AD3d 38, 40-41 [citations omitted]). However, separate property that is commingled with marital property may lose its separate character (see Brown v Brown, 147 AD3d 896, 896; Goldman v Goldman, 131 AD3d 1107, 1108).
Here, although the Supreme Court determined that the plaintiff was not entitled to share in any portion of the defendant's pension that was attributable to the defendant's disability pension, it found that the "I" bonds, purchased during the course of the marriage and placed in both parties' names, were not the defendant's separate property. Thus, the court providently exercised its discretion in ordering the net proceeds of the bonds to be divided equally between the parties (see Brown v Brown, 147 AD3d at 896).
The Supreme Court also properly directed the defendant to remit to the plaintiff half of the marital credit card debt in the sum of $5,859.65 (see Lamparillo v Lamparillo, 130 AD3d 580, 582).
An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merit of their positions (see Domestic Relations Law § 237[a]; Johnson v Chapin, 12 NY3d 461, 467). Here, considering the equities and circumstances of the case, including the parties' respective financial conditions, the Supreme Court providently granted the plaintiff an award of counsel fees.
The defendant's remaining contention is without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court