St. John v Beinart-St. John (2024 NY Slip Op 02565)

St. John v Beinart-St. John

2024 NY Slip Op 02565

Decided on May 9, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 9, 2024

CV-23-0173
[*1]Desiree St. John, Appellant,
v
Gabriel Beinart-St. John, Respondent.

Calendar Date:March 27, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Fisher, JJ.

Christina Randazzo Law, PLLC, Wappingers Falls (Christina Randazzo of counsel), for appellant.
Jonathan D. Katz, Saugerties, for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (James P. Gilpatric, J.), entered October 14, 2022 in Ulster County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 2003 and have three children together. In 2018, the wife filed for divorce, citing an irretrievable breakdown in the relationship, and the parties stipulated to the divorce being granted. The parties, however, disagreed on the distribution of the sale of the marital residence. After a nonjury trial, Supreme Court ordered that the proceeds of the sale of the marital residence be equally divided. The wife appeals.
The wife contends that Supreme Court erred by failing to grant her credits for her investment of her personal injury proceeds to the improvements of the marital residence and the investment of gifted funds from her mother that were used for the purchase of the marital residence. "Whether a particular asset is marital or separate property is a question of law that a trial court must initially address to ascertain the marital estate" (Smith v Smith, 152 AD3d 847, 848 [3d Dept 2017] [citation omitted]; see Breen v Breen, 222 AD3d 1202, 1205 [3d Dept 2023]). "Although there is a general presumption that property acquired during a marriage is presumed to be marital property, that presumption is overcome where it is shown that the property is acquired by a spouse as a gift or by inheritance during the marriage and retained separately, as such property is not marital property" (Louie v Louie, 203 AD3d 1520, 1522-1523 [3d Dept 2022] [citations omitted]; see Breen v Breen, 222 AD3d at 1205). Additionally, "any compensation a spouse receives for personal injuries is not considered marital property and is not subject to equitable distribution" (Glessing v Glessing, 212 AD3d 783, 785 [2d Dept 2023] [internal quotation marks and citation omitted]; see Whitaker v Case, 122 AD3d 1015, 1017 [3d Dept 2014]). "However, separate property that is commingled with marital property may lose its separate character" (Glessing v Glessing, 212 AD3d at 785 [citations omitted]; see Armstrong v Armstrong, 72 AD3d 1409, 1415 [3d Dept 2010]). Absent an abuse of discretion, Supreme Court's determination of how to equitably distribute marital property will not be disturbed (see Giannuzzi v Kearney, 160 AD3d 1079, 1082 [3d Dept 2018]; Smith v Smith, 152 AD3d at 848).
In regard to the gifted funds, at trial, the wife's mother testified that she gave the wife $10,000 to make a down payment on the marital residence and, after the husband called the mother from the closing, $2,300 to assist with the closing costs. The mother testified that the money was a gift intended for the wife and any benefit that the husband received was ancillary. The wife testified similarly and explained that the mother gave her the money and that it was put toward the closing on the house[*2]; the money was never deposited into an account in the husband's name. As for the personal injury proceeds, the wife testified that in 2015 she received $135,000 from a lawsuit settlement against her former employer; $100,000 for emotional and personal distress and $35,000 for lost wages. The proceeds were deposited into her personal checking account, which was in her name alone. The wife also testified that her paycheck was deposited into the same account, and that it was this account that was used to pay bills.[FN1] The wife ultimately used these funds to satisfy the husband's debt and make improvements to the marital residence, such as the installation of a pool, the addition of a screened-in deck, as well as many updates to the interior. Receipts were stipulated into evidence demonstrating the total cost of these improvements. A licensed real estate appraiser testified that these improvements attributed to a 14% increase in the value of the home. The husband testified mostly in conformity with the wife but stated that the funds for the down payment contributed by the wife's mother were put into a joint account.[FN2] The husband also explained that each of the parties maintained their own individual accounts and that their paychecks were deposited into those respective accounts. Supreme Court ultimately determined that neither the wife nor the husband established an entitlement to more than 50% of the proceeds from the sale of the marital residence. Specifically, the court found that the wife was not entitled to a credit for either the gifted down payment or the improvements made to the marital residence. Therefore, the court ordered the marital residence to be listed for sale, the obligations on the home to be paid off and the remaining proceeds to be divided evenly.
Supreme Court did not abuse its discretion in so ordering and thus denying the wife's requests for separate property credits. As to the gift from the mother, the wife's claim that the gift was only intended for her is belied by the mother's own testimony that the husband was the one who called and asked the mother for the additional funds for closing costs. Moreover, as the court indicted, the wife did not establish that she maintained the funds provided by the mother separate from marital funds. Therefore, the wife failed to establish that the money from the mother used to purchase the marital residence was a gift to her alone (see Robinson v Robinson, 133 AD3d 1185, 1189-1190 [3d Dept 2015]; Sieger v Sieger, 37 AD3d 585, 587 [2d Dept 2007]). As to the wife's request for a separate property credit in the amount of improvements made to the marital residence, her testimony and bank records established that the proceeds used to make the improvements to the home were drawn from an account that contained the settlement proceeds as well as the wife's paychecks and other deposits. Given that the part of the settlement that was for lost wages and the wife's paycheck deposits are marital property [*3]under Domestic Relations Law § 236 (B) (1) (c) and (d), the only property in the account that is not marital property would be the proceeds from the lawsuit that are attributed to personal injury (see Domestic Relations Law § 246 [B] [1] [d] [2]). However, due to the commingling of funds that make it so the wife "could not sufficiently delineate any of the funds in the account as separate property" (Fields v Fields, 15 NY3d 158, 169 [2010]; compare Louie v Louie, 203 AD3d at 1523), Supreme Court did not err in determining that the funds used for the improvement to the marital residence were not the wife's separate property and that she is not entitled to a credit for said improvements(see Fields v Fields, 15 NY3d at 169; Iwasykiw v Starks, 179 AD3d 1485, 1487 [4th Dept 2020]). We have examined the wife's remaining contentions and find them lacking in merit.
Egan Jr., J.P., Aarons, Lynch and Fisher, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Despite the bank statements for this account demonstrating that the wife's paycheck has been deposited into this account since at least December 2014, which was approximately a year prior to the deposit of the settlement proceeds, the wife testified that she only began having her paychecks deposited into that account "right around" the time of the settlement.

Footnote 2: Neither party entered bank statements in support of their testimony regarding the gift from the mother.