Habib v Habib (2024 NY Slip Op 02693)

Habib v Habib

2024 NY Slip Op 02693

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2020-00179
 (Index No. 12866/11)

[*1]Eleanor Julia Habib, respondent-appellant,
v
Naguib Tewfik Habib, appellant-respondent.

Brettschneider & Brettschneider LLP, Huntington, NY (Joseph Brettschneider of counsel), for appellant-respondent.
Hegge & Confusione, LLC, New York, NY (Michael J. Confusione of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from a judgment of divorce of the Supreme Court, Suffolk County (James F. Quinn, J.), entered September 27, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated June 10, 2019, made after a nonjury trial, (1) awarded the plaintiff maintenance in the sum of $1,500 per month retroactive to the date the parties executed a stipulation dividing six parcels of real property, (2) awarded the plaintiff counsel fees in the sum of $25,000, and (3) failed to award the defendant credits for certain pendente lite payments and purported contributions of separate property made to maintain the parties' six parcels of real property. The judgment of divorce, insofar as cross-appealed from, upon the decision, deemed certain bank accounts marital property subject to equitable distribution, to be divided equally between the parties.
ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by deleting the provision thereof directing that the award of maintenance to the plaintiff shall be retroactive to the date the parties executed a stipulation dividing six parcels of real property, and substituting therefor a provision directing that the award of maintenance to the plaintiff shall be retroactive to the date of the entry of the judgment of divorce, (2) by deleting the provision thereof deeming an account at American Community Bank, account number ending in 1120, valued at $5,501.80, marital property subject to equitable distribution, to be divided equally between the parties, and substituting therefor a provision deeming the funds in that account to be the plaintiff's separate property, and (3) by adding a provision thereto awarding the defendant a credit for monthly pendente lite payments made in excess of $1,500 per month from the date the parties executed the stipulation dividing the six parcels of real property to the date of the entry of the judgment of divorce; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for calculation of the monthly pendente lite payments made in excess of $1,500 to credit the defendant in accordance herewith and the entry of an appropriate amended judgment of divorce thereafter.
The parties were married in 1973 and have two adult children. The plaintiff commenced this action for a divorce and ancillary relief in May 2011. After a nonjury trial on the [*2]issues of, inter alia, maintenance, equitable distribution, and counsel fees, the Supreme Court, among other things, deemed certain bank accounts marital property subject to equitable distribution, to be divided equally between the parties, awarded the plaintiff maintenance in the sum of $1,500 per month retroactive to the date the parties executed a stipulation dividing six parcels of real property, awarded the plaintiff counsel fees in the sum of $25,000, and failed to award the defendant credits for certain pendente lite payments and contributions of separate property purportedly made to maintain the parties' six parcels of real property.
"The amount and duration of spousal maintenance is an issue generally committed to the sound discretion of the trial court and each case is to be resolved upon its own unique facts and circumstances" (Kattan v Kattan, 202 AD3d 771, 776 [internal quotation marks omitted]; see Silvers v Silvers, 197 AD3d 1195, 1199). In matrimonial actions commenced prior to amendments to the Domestic Relations Law, effective January 23, 2016, factors to be considered include "the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Tuchman v Tuchman, 201 AD3d 986, 991 [internal quotation marks omitted]; see Domestic Relations Law former § 236[B][6][a]; Gorman v Gorman, 165 AD3d 1067, 1069). Here, considering the relevant factors, including the ages and health of the parties, the lengthy duration of the marriage, the parties' respective income and property, the parties' present and future earning capacity, the distribution of property and the parties' marital standard of living, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $1,500 per month.
However, since the permanent maintenance award is not in excess of the Supreme Court's temporary maintenance award, the parties correctly agree that the court erred in directing that the maintenance award be made retroactive to the date the parties executed the stipulation dividing the six parcels of real property (see Rodgers v Rodgers, 98 AD2d 386, 389-390; see also Gina v Gina, 248 AD2d 353, 354).
The Domestic Relations Law provides that, "[i]n determining an equitable disposition of property . . . , the court shall consider: . . . any award of maintenance" (Domestic Relations Law § 236[B][5][d][6]; see Johnson v Chapin, 12 NY3d 461, 465-466). "When a pendente lite award of maintenance is found at trial to be excessive or inequitable, the Court may make an appropriate adjustment in the equitable distribution award" (Johnson v Chapin, 12 NY3d at 466; see Kaufman v Kaufman, 189 AD3d 31, 70; Bauman v Bauman, 132 AD3d 791, 794). Here, in a pendente lite order, the Supreme Court awarded the plaintiff temporary maintenance in the sum of $2,919 per month, and the court's permanent award of maintenance was $1,500 per month. Given the disparity in the maintenance amounts, the defendant should be given a credit for the monthly pendente lite payments he made in excess of $1,500 from the date the parties executed the stipulation dividing the six parcels of real property to the date of the entry of the judgment of divorce (see Johnson v Chapin, 12 NY3d at 466).
Contrary to the defendant's contention, the Supreme Court properly declined to credit the defendant for his purported separate property contributions to improvements, maintenance, and repairs made to the parties' six parcels of real property prior to the execution of the stipulation dividing the six parcels of real property, since the defendant failed to demonstrate that the funds expended were his separate property (see Ferrante v Ferrante, 186 AD3d 566, 568; Horn v Horn, 145 AD3d 666, 667; Reddan v Reddan, 92 AD3d 665, 665-666).
An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merit of their positions (see Domestic Relations Law § 237[a]; Johnson v Chapin, 12 NY3d at 467; Glessing v Glessing, 212 AD3d 783, 785). In making its determination, a court may consider "whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Hutchinson v [*3]Hutchinson, 219 AD3d 1320, 1322 [internal quotation marks omitted]; see Prichep v Prichep, 52 AD3d 61, 64). Here, considering the equities and circumstances of this case, including the parties' respective financial conditions and their conduct, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $25,000.
"The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Glessing v Glessing, 212 AD3d at 784 [internal quotation marks omitted]; see Linenschmidt v Linenschmidt, 163 AD3d 949, 950). There is a statutory presumption that all property acquired by either spouse during the marriage, unless clearly separate, is marital property, and the party seeking to overcome the presumption has the burden of proving that the property in dispute is separate property (see Domestic Relations Law § 236[B][1][c], [d]; Fields v Fields, 15 NY3d 158, 165; Palazolo v Palazolo, 200 AD3d 700, 701). Once property is classified as marital, the trial court has broad discretion to select an appropriate date between the date of commencement of the action and the date of trial for measuring the value of the property (see Domestic Relations Law § 236[B][4][b]; Mesholam v Mesholam, 11 NY3d 24, 28; Parkoff v Parkoff, 195 AD3d 936, 941).
Here, the Supreme Court deemed certain bank accounts, valued as of the date of the commencement of the action, marital property subject to equitable distribution, to be divided equally between the parties. Contrary to the plaintiff's contention, the court properly determined that the funds in accounts at Astoria Federal Bank, account number ending in 2221, Astoria Federal Bank, account number ending in 2222, American Community Bank, account number ending in 1112, and American Community Bank, account number ending in 1104, were marital property subject to equitable distribution, since the plaintiff failed to overcome the presumption that the funds in those accounts were marital property (see Glessing v Glessing, 212 AD3d at 784). Moreover, the court providently exercised its discretion in valuing those accounts as of the commencement date of the action (see Parkoff v Parkoff, 195 AD3d at 941). However, the plaintiff correctly contends that the court erred in determining that the funds in the account at American Community Bank, account number ending in 1120, were marital property subject to equitable distribution, since she met her burden of overcoming the presumption that the funds in that account were marital property by demonstrating that those funds were her separate property (see Domestic Relations Law § 236[B][1][c]; see generally Anglin v Anglin, 80 NY2d 553, 557).
The plaintiff's remaining contention, relating to a Janus/Heritage account titled in the defendant's name, is without merit.
DILLON, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court